IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| STEPHANIE ROBISON, | |
| Plaintiff, | No. 9:19-CV-0037 |
| vs. | |
| COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | |
| Defendants. | |

## ORDER DISMISSING CASE

The Plaintiff, Stephanie Robison, requests judicial review of a final decision of the Commissioner of Social Security Administration with respect to her application for disability-based benefits. This action is before the undersigned United States Magistrate Judge by consent of the parties for review, hearing if necessary, and a decision on appeal.[1] (Doc. Nos. 3, 14, 15, 16.)

## I. Background

On March 11, 2019, Robison filed this *pro se* action pursuant to 42 U.S.C. § 405(g) appealing the Commissioner's decision to deny social security disability benefits and motion to proceed *in forma pauperis*. (Doc. Nos. 1, 2.) The Commissioner filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) on May 15, 2019, claiming that Robinson missed the deadline to file her appeal. (Doc. No. 11.) On May 15, 2019, the court issued an order requiring Robison to file a response to the Commissioner's motion to dismiss on or before June 21, 2019. (Doc. No. 12.)[2]

---

[1]  General Order 05-06 refers civil proceedings involving appeals from decisions of the Commissioner of Social Security Administration to magistrate judges serving the divisions where the cases are filed. *See also* 28 U.S.C. § 636(b)(1)(B)(2009) and Loc. R. CV-72 for the Assignment of Duties to United States Magistrate Judges.

[2]  Delivery receipt confirms that Robison received the court's order on May 22, 2019. (Doc. No. 13.)

1

To date, Robison has failed to comply with the court's order requiring her to respond to the Commissioner's motion to dismiss or answer the questions presented in the May 15, 2019 court order.

## II. Discussion

Sections 205(g) and (h), and 405 (g) and (h), expressly limit judicial review of the Social Security Act. Under these provisions, a plaintiff must present her claims in the district court within sixty days after the mailing of the notice of a final decision, or within such further time as the Commissioner may allow. 42 U.S.C. § 405(g).

The sixty-day time limit to file a civil action is a waiver of sovereign immunity. *Bowen v. City of N.Y.*, 476 U.S. 467, 479 (1986) ("Petitioners next contend that if the 60-day limit is a statute of limitations, it is a condition on the waiver of sovereign immunity and thus must be strictly construed. We have no difficulty agreeing with that statement"). Therefore, the "60–day requirement is not jurisdictional, but rather constitutes a period of limitations." *Bowen*, 476 U.S. at 478 (citations omitted). Because the expiration of the statute of limitations is an affirmative defense, Rule 12(b)(6) is the best avenue for resolution. *Rodriguez ex rel. J.J.T. v. Astrue*, 2011 WL 7121291, at *2 (S.D.N.Y. July 25, 2011) ("[A] motion to dismiss on statute of limitations grounds . . . 'generally is treated as a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6)' ") (quoting *Nghiem v. U.S. Dep't of Veterans Affairs*, 451 F.Supp.2d 599, 603 (S.D.N.Y. 2006), *aff'd,* 323 F. App'x 16 (2d Cir. 2009)).

Accordingly, the Commissioner properly filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). When reviewing a complaint under Federal Rule of Civil Procedure 12(b)(6), the court takes all factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "With respect to the statute of limitations defense, dismissal at

the 12(b)(6) stage is proper only 'where it is evident from the [petition/complaint] that the action is barred and the [petition/complaint] fail[s] to raise some basis for tolling.'" *Jaso v. The Coca Cola Co.,* 435 F. App'x 346, 351 (5th Cir. 2011) (quoting *Jones v. Alcoa, Inc.,* 339 F.3d 359, 366 (5th Cir. 2003)).

The sole issue presented to the court is whether Robison timely filed her civil action appealing the denial of her social security benefits at the administrative level. Robison had sixty days from the date on which the Commissioner mailed the notice of denial to file her appeal in federal court.[3] The date of receipt of notice of denial of request for review of the presiding officer's decision or notice of the decision by the Appeals Council shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary. 20 C.F.R. § 422.210 (2018). Therefore, a plaintiff effectively has sixty-five days after the date of the notice. The Commissioner mailed its notice of unfavorable decision on December 14, 2018, which makes February 17, 2019, her deadline to file an appeal in federal court. Robison filed her complaint on March 11, 2019. (Doc. No. 1.)

Failure to timely file a civil action for judicial review constitutes grounds for dismissal, and the Fifth Circuit has dismissed social security appeals under similar circumstances. *Fletcher v. Apfel*, 210 F.3d 510, 513 (5th Cir. 2000) (suit filed one day late is properly dismissed); *Thibodeaux es rel. Thibodaux v. Bowen*, 819 F.2d 76, 79 (5th Cir. 1987) (per curium) (complaint filed two days late is time barred). However, the 60-day limitations period can be subject to equitable tolling. *Bowen,* 476 U.S. at 480.

---

[3] "Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he is a party . . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow." 42 U.S.C. § 405(g) (1999).

"[T]he doctrine of equitable tolling permits courts to deem filings timely where a litigant can show that 'he has been pursuing his rights diligently' and that 'some extraordinary circumstance stood in his way.'" *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). To determine whether an extension is warranted, the Commissioner considers whether circumstances prevented a timely appeal, whether agency actions misled the claimant, whether the claimant misunderstood the appeal process because of amendments, other legislation, or court decisions, or whether physical, mental, educational, or linguistic limitations caused the delay. 20 C.F.R. § 404.911(a).

"District courts may apply the doctrine of equitable tolling to extend the statute of limitations where the claimant (i) was unaware that there had been a violation giving rise to a claim, (ii) rebutted the presumption that notice of the Appeals Council denial was received within five days, (iii) received conflicting information about the filing deadline, or (iv) was unable to comprehend the appeal process because of an impediment." *Cole-Hill ex rel. T.W. v. Colvin*, 110 F. Supp. 3d 480, 484–85 (W.D.N.Y. 2015) (quoting *Sindrewicz v. Chater*, No. 96-CV-139, 1997 WL 166564, at *2 (W.D.N.Y. Jan. 30, 1997).

The complaining party has the burden of demonstrating facts that justify equitable tolling. *Wilson v. Secretary, Dep't of Veterans Affairs*, 65 F.3d 402, 404 (5th Cir. 1995). Thus, it is Robison's burden to establish entitlement to equitable tolling. To date, Robison has failed to comply with the court's order instructing her to respond to the Commissioner's Motion to Dismiss or explain why she missed her deadline to file her social security appeal in federal court. Therefore, there is nothing before the court that would warrant application of the doctrine of equitable tolling to excuse Robison's late filing.

### III. Conclusion

Robison filed the instant complaint past the deadline imposed by 42 U.S.C. § 405(g). The court issued an order instructing her to respond to specific questions to explain any reasonable delay that might invoke equitable tolling. To date, Robison has failed to comply with that order or explain how any of the circumstances for equitable tolling of the 60-day limitations period might apply in this case. Moreover, there does not appear to be any wrongful action attributable to the Commissioner or the courts, or other reasons justifying Robison's delay. In short, there is nothing before the court that would invoke the doctrine of equitable tolling and excuse Robison's late filing.

Accordingly, it is **ORDERED**, **ADJUDGED** and **DECREED** that the Commissioner's motion to dismiss is **GRANTED** and the Plaintiff's case is **DISMISSED**.

SIGNED this 1st day of July, 2019.

_____
Zack Hawthorn
United States Magistrate Judge